UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ELISA CONSENTINO, individually and on
behalf of all others similarly situated,

      Plaintiff,                          Case No. _____

v.

BRIDGESTONE RETAIL OPERATIONS, LLC
d/b/a FIRESTONE COMPLETE AUTO CARE,

      Defendant.
_____/

## DEFENDANT BRIDGESTONE RETAIL OPERATIONS, LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Bridgestone Retail Operations, LLC, d/b/a Firestone Complete Auto Care ("Bridgestone Retail" or "Defendant"), hereby submits this Notice of Removal of the civil action filed by Plaintiff Elisa Consentino in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. In support of this Notice of Removal, Bridgestone Retail states:

1. Plaintiff, Elisa Consentino ("Plaintiff"), individually and on behalf of a putative class of similarly situated individuals, commenced a civil action on or around March 19, 2024, in a case styled *Consentino v. Bridgestone Retail Operations, LLC etc.*, Case No. 2024-003753-Div.9 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

2. Bridgestone Retail was served with the Summons and Complaint on March 27, 2024. This Notice of Removal is being filed within thirty (30) days of receipt of the Summons and Complaint in accordance with Section 1446(b) of Title 28 of the United States Code.

3. The documents attached hereto as ***Exhibit A*** constitute copies of all the pleadings obtained by Defendants to date in the Broward County Circuit Court action.

## REMOVAL IS PROPER UNDER THE
## CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

4. This case is removed pursuant to the provisions of the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

5. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class, as alleged in the Complaint, consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from the citizenship of each defendant; and (3) the aggregate amount placed in controversy by the claims of Plaintiff and the proposed class members, measured by the various forms of relief sought (including damages, injunctive relief, and attorney's fees), as alleged in the Complaint, exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

- ***The Putative Class Consists Of More Than 100 Members***

6. Plaintiff seeks to represent a class of individuals consisting of "All persons in the State of Florida who purchased one or more tires from Defendant who were charged for 'Road Hazard Protection' and the other items identified above" (the "Class"). *See* Compl., ¶ 25.

7. Plaintiff also alleges that "the members of the Class are so numerous that their individual joinder is impractical." *See* Compl., ¶ 28. Plaintiff further alleges that she "believes the Class consists of at least 20,000 individuals who purchased a replacement tire from Defendant in the State of Florida and were charged for 'Road Hazard Protection' and the other items identified above without any advance disclosure of such to the consumer." *Id.*

8. Pursuant to the Declaration of Nick Mann (the "Mann Declaration"), according to the business records of Bridgestone Retail, over 3 million tires were sold in Florida since March of 2020 with Road Hazard Protection. *See* Mann Declaration, ¶ 5. A true and correct copy of the Mann Declaration is attached hereto as ***Exhibit B***. Accordingly, by virtue of Plaintiff's own

allegations and the Mann Declaration, there can be no dispute that the putative class consists of at least 100 members.

***The Minimal Diversity of Citizenship Requirement Is Satisfied***

9. The named Plaintiff Elisa Consentino is a resident of Florida. *See* Compl., ¶ 2. For purposes of establishing the diversity of the parties, Plaintiff is a citizen of Florida.

10. Defendant Bridgestone Retail is a Delaware limited liability company; its sole member is Bridgestone Americas, Inc., a Nevada corporation with its principal place of business in Tennessee. *See* Mann Declaration, ¶ 4.

11. A corporation is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title ... a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business....").

12. Additionally, for purposes of determining diversity jurisdiction, all unincorporated associations, regardless of their particular corporate-like features, are treated as partnerships and deemed to possess the citizenship of their partners or members. *Americold Realty Trust v. Conagra Foods, Inc.,* 136 S.Ct. 1012, 1015 (2016).

13. For purposes of diversity of citizenship under 28 U.S.C. §§ 1332(d) and 1453, Bridgestone Retail is therefore a citizen of Delaware, Nevada, and Tennessee.

14. Accordingly, the citizenship of at least one putative class member is different from the citizenship of the primary defendants for purposes of satisfying 28 U.S.C. § 1332(d)(2)(A).

- ***The Amount In Controversy Requirement Under CAFA Is Satisfied***

15. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Plaintiff's putative class claims meet the jurisdictional threshold set forth in § 1332(d)(6), in that the aggregate amount placed in controversy by the claims of Plaintiff and the proposed class members, measured by the various forms of relief sought, including "damages pursuant to Fla. Stat. § 501.211(2). . . damages pursuant to Fla. Stat. § 501.921 [sic]. . . injunctive relief against Defendant under FDUTPA and the Florida Motor Vehicle Repair Act. . . attorneys' fees," as alleged in the Complaint in the "Prayer for Relief" following ¶ 50, exceeds the sum or value of $5,000,000, exclusive of interest and costs.[1]

16. Pursuant to the attached Declaration of Nick Mann, Bridgestone Retail's total revenue exceeded 5 million dollars for Road Hazard Protection packages purchased since March of 2020. *See* Mann Declaration, ¶ 6.

17. The allegations set forth in the Complaint and the information included in the Mann Declaration establish that the amount in controversy in this case exceeds $5 million.

## PROCEDURAL COMPLIANCE

18. Pursuant to 28 U.S.C. § 1441(a), this action is being removed to the Southern District of Florida because this Court is the United States District Court for the district and division embracing the place wherein the state court action is pending.

19. This Notice of Removal is timely filed within thirty (30) days after service of the Summons and Complaint on Defendant, Bridgestone Retail, the only defendant in this action.

---

[1] Defendant does not concede that there has been any actual damages or statutory violations, or that the damages, if any, are greater than $5,000,000 – this calculation is made for the purpose of establishing jurisdiction.

20. A copy of this Notice of Removal will be filed with the Broward Circuit Court and a written notice is being provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Bridgestone Retail, respectfully requests that the matter designated by the Complaint attached hereto as part of *Exhibit A* be removed to the United States District Court for the Southern District of Florida.

Dated: April 26, 2024.                     Respectfully submitted,

*/s/ Lee Teichner*
Lee Teichner, Esq.
Florida Bar No. 816280
Lee.teichner@hklaw.com
Sydney Alexander, Esq.
Florida Bar No. 1019569
sydney.alexander@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel. 305.374.8500
Fax: 305.789.7799

Philip E. Rothschild, Esq.
Florida Bar No. 0088536
Phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Tel. 954-525-1000
*Counsel for Defendant, Bridgestone Retail Operations, LLC*

## CERTIFICATE OF SERVICE

I, Lee Teichner, hereby certify that on this 26th day of April, 2024, this document was filed through the CM/ECF system and a Notice of Filing will be sent electronically to counsel listed below.

/s/ Lee Teichner
Lee P. Teichner

## SERVICE LIST

Daniel DeSouza, Esq.
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
Email:  dan@copycatlegal.com