IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-60703-DSL

ELISA COSENTINO, individually and on
behalf of all others similarly situated

      Plaintiff,

v.

BRIDGESTONE RETAIL OPERATIONS,
LLC d/b/a FIRESTONE COMPLETE
AUTO CARE,

      Defendant.

_____

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Elisa Cosentino ("Plaintiff" or "Class Representative"), on behalf of herself and all others similarly situated, sues defendant Bridgestone Retail Operations, LLC d/b/a Firestone Complete Auto Care ("Defendant"), and alleges as follows:

## THE PARTIES

1.      Plaintiff is an individual who is a citizen of the State of Florida residing in Broward County, Florida.

2.      Defendant is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 200 4th Avenue South, Nashville, TN 37201. Defendant's agent for service of process is: United Agent Group Inc., 801 US Highway 1, North Palm Beach, FL 33408.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2) as the matter in controversy exceeds the sum or value of $5,000,000, exclusive

of interest in costs, and is a class action in which at least one member of the putative class is a citizen of a State different from Defendant.

4.      Venue of this action is proper in this district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## **BACKGROUND**

5.      Defendant operates the world's largest chain of company-owned auto care and tire stores.  With four retail brands and 2,200 stores nationwide, Defendant is headquartered in Nashville, TN and employs approximately 22,000 persons.

6.      In December 2005, the Office of the Attorney General for Washington State announced a settlement with Defendant, resolving allegations that Defendant sold road hazard warranties with its tires without informing consumers that the warranties were optional.

7.      At the time, Defendant was required to pay the state $10,000.00 in civil penalties, of which $5,000.00 was suspended contingent on compliance with the agreement, and $20,000.00 in costs and attorneys' fees.

8.      According to Washington State's complaint, Defendant failed to inform shoppers that its road hazard warranty and tire replacement certificate were optional, and charged customers for the cost of the products without their explicit consent.

9.      Washington State's complaint likewise alleged that Defendant automatically included the cost of the warranty or certificate in its tire estimates and only disclosed that the services were optional when consumers expressly inquired about them.  Customers were sold certificates at a cost typically equal to 12 percent of the tire price.

10.     Although Defendant was sued by Washington State for the deceptive practice of including "optional" services on its estimates, Defendant has continued such practice as its

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

standard operating procedure throughout the State of Florida.

11.     On or about March 28, 2022, Plaintiff visited one of Defendant's Firestone Complete Auto Care facilities at 9000 Cleary Blvd, Plantation, FL 33324 for purposes of replacing four (4) tires on her vehicle.

12.     At the time, Defendant's employees represented to Plaintiff that the cost for the replacement tire was $299.96.

13.     Defendant provided Plaintiff with both a written estimate and a "Final Invoice" that reflects the purchase/installation of the replacement tires in addition to various other line items:

| Description | Rev Hist /Article # ID | | Qty | Unit Price | Price | Total |
|---|---|---|---|---|---|---|
| COURTESY CHECK | | 01 | | | | |
| COURTESY CHECK | 7046930 | 05TS | 1 | N/C | N/C | |
| CODE SCAN-DASHBOARD LIGHT | | 01 | | | | |
| Code - P00B7  Description - DTC description not found | | | | | | |
| CODE SCAN - DASHBOARD LIGHT | 7010962 | 05TN | 1 | N/C | N/C | 406.96 |
| FUZION TIRE PACKAGE | 1.3 | 01 | | | | |
| 008484 FUZION TOURING BL 215/60R16 95H 40,000 Mile Limited Warranty | 008484 | 05TN | 4 | 74.99 | 299.96 | |
| DOT#  1PPF3BR523321 | | | | | | |
| DOT#  1PPF3BR523321 | | | | | | |
| DOT#  1PPF3BR523321 | | | | | | |
| DOT#  1PPF3BR523321 | | | | | | |
| TIRE-DISC Price Match/Match Competitor Offer | 7091460 | 05TN | -4 | 3.75 | -15.00 | |
| FLORIDA STATE TIRE FEE | 7095761 | 05TN | 4 | 1.00 | 4.00 | |
| NEW TIRE WHEEL BALANCE LABOR | 7013632 | 05TS | 4 | 12.99 | 51.96 | |
| TPMS VALVE SERVICE KIT LABOR | 7008190 | 05TS | 4 | 3.14 | 12.56 | |
| 7097782 ROAD HAZARD PROTECTION | 7097782 | 05TN | 4 | 10.87 | 43.48 | |
| SCRAP TIRE RECYCLING FEE | 7075078 | 05TN | 4 | 2.50 | 10.00 | |
| TIRE INSTALLATION | 7015016 | 05TS | 4 | N/C | N/C | 93.99 |
| ALIGNMENT SERVICE (12-MONTH WARRANTY) | 2 | 01 | | | | |
| STANDARD WHEEL ALIGNMENT | 7004578 | 05TS | 1 | 93.99 | 93.99 | |

14.     As identified above, one of the charges on the Final Invoice is for "Road Hazard Protection" and amounts to approximately 14% of the cost of each tire.

15.     This is the same "Road Hazard Protection" that was at issue in the investigation by the Washington State Office of the Attorney General.

16.     The Final Invoice likewise includes a charge for "TPMS Valve Service Kit Labor" ($3.14).

17.     Both the "Road Hazard Protection" and the "TPMS Valve Service Kit Labor" are

optional items that Defendant automatically added to the written estimate/Final Invoice without alerting Plaintiff to the fact that neither option was mandatory.

18.     Defendant's Plantation location did not post any signs therein disclosing that the "Road Hazard Protection" or "TPMS Valve Service Kit Labor" charges were optional nor did Defendant's employees disclose and/or explain the charges to Plaintiff.  Defendant's employees simply tendered the Final Invoice without any explanation as to what these charges were for.

19.     Defendant's "Road Hazard Protection" is an ***optional*** service sold by Defendant. Indeed, Defendant's own website contains a link (at https://www.firestonecompleteautocare.com/content/dam/bsro/fcac/pdfs/warranty-road-hazard.pdf) to a PDF document specifically providing that it is an optional service:



This TIRE REPAIR OR REPLACEMENT is optional protection
that can be purchased and is ONLY EFFECTIVE WHEN THE ORIGINAL
INVOICE IS PRESENTED WITH THIS WARRANTY FORM.

20.     The line item for "TPMS Valve Service Kit Labor" purportedly refers to labor and/or parts associated with the replacement and/or service of a vehicle's Tire Pressure Monitoring System ("TPMS").

21.     There is no reason why a new tire, purchased from a reputable manufacturer, would require an additional "TPMS Valve Service Kit Labor" to operate on Plaintiff's vehicle or any other vehicle.  As a result, the charge for "TPMS Valve Service Kit Labor" (to the extent Defendant

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

even endeavored to install such rather than just charge for it) is simply another profit source for Defendant to lodge on unsuspecting consumers.

22.     Upon information and belief, Defendant has sold at least three (3) million tires in the State of Florida within the 4-year period prior to the filing of this lawsuit.  Thus, assuming a $3.14 average cost for the "TPMS Valve Service Kit Labor" charge, Defendant charged consumers in Florida at least $9,420,000.00 for "TPMS Valve Service Kit Labor" charges alone.

23.     Assuming a $15.00 average for Road Hazard Protection (which appears to be uniformly based on 12 – 14% of the price of the tire at issue), Defendant charged consumers in Florida at least $45,000,000.00 for Road Hazard Protection charges alone.

24.     The Plantation location's failure to disclose that "Road Hazard Protection" and "TPMS Valve Service Kit Labor" identified on the Final Invoice were optional/not required is not an anomaly.  Defendant's standard operating procedure is to not post information concerning the optional nature of these services and for its employees to not disclose such to customers – indeed, the standard operating procedure is to add Road Hazard Protection and "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) to every customer's invoice and only explain such if the customer inquires at the time of purchase.

25.     Thus, every consumer who purchases tires from Defendant in the State of Florida is treated the same in that Defendant automatically adds Road Hazard Protection and "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) to such customers' invoices.

26.     Plaintiff would not have purchased Road Hazard Protection or the "TPMS Valve Service Kit Labor" from Defendant if its employees had actually disclosed they were optional services or explained their purpose and limitations.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

27.     All conditions precedent to the filing of this action have been performed, occurred, or been waived.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this complaint on behalf of herself and all persons in the State of Florida who, within four (4) years before the filing of this Complaint, purchased one or more tires from Defendant who were charged for "Road Hazard Protection" or "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) as identified above.

29.     Upon information and belief, each such person was charged approximately 12% - 14% of the value of the tire purchased for "Road Hazard Protection" as well as approximately $3.14 for "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) that were not disclosed to the consumer except as a line item on an invoice and/or written estimate (the "Class").

30.     Subject to additional information obtained through further investigation and discovery, the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class is the Defendant, its officers, directors, current employees, principals, or entities controlled by Defendant and its successors and assigns.

31.     Numerosity.  The members of the Class are so numerous that their individual joinder is impractical.  Plaintiff believes the Class consists of at least 1,000,000 individuals who purchased a replacement tire from Defendant in the State of Florida and were charged for "Road Hazard Protection" or "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) without any advance disclosure of such to the consumer.

32.     Commonality.  Common questions of law and fact exist as to each member of the Class, as appropriate, including *inter alia*:

a. whether Defendant's practice of automatically adding "Road Hazard Protection" or "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) constitutes an unfair and deceptive trade practice in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); and

b. whether Defendant's practices of automatically adding "Road Hazard Protection" or "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) to its tire replacement invoices constitutes a violation of the Florida Motor Vehicle Repair Act.

33.    <u>Typicality</u>.  The claims of Plaintiff are typical of the claims of each member of the Class in that Plaintiff alleges a common course of conduct by Defendant toward each member of the Class – specifically, Defendant added "Road Hazard Protection" and "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) to each invoice issued to each member of the Class.

34.    <u>Adequacy of Representation</u>.  Plaintiff will fairly and adequately protect and represent the interest of each member of the Class.  There is no antagonism or material factual variation between Plaintiff's claims and those of the Class.  Additionally, Plaintiff is fully cognizant of her responsibility as Class Representative, and has retained counsel fully capable of, and intent upon, vigorously pursuing this action.

35.    <u>Predominance and Superiority</u>.  The questions of law and fact common to the claim of each member of the Class predominate over any question of law or fact affecting only individual members of the Class.  The Class claims stem from Defendant's common/uniform practice of adding "Road Hazard Protection" and "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) to each invoice for purchase of replacement tires throughout the

State of Florida.

36.     Further, a class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages suffered by individual class members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant.  It would thus be virtually impossible for each member of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## COUNT ONE: VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

37.     Plaintiff re-alleges and incorporates paragraphs 1 through 36 as set forth above.

38.     FDUTPA was enacted "to protect the consuming public and legitimate enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202(2).

39.     Defendant is engaged in commerce in the State of Florida, as defined by Fla. Stat. § 501.203(8) and is therefore subject to the provisions of FDUTPA.

40.     Plaintiff and the members of the Class are "consumers" under Fla. Stat. § 501.203(7) and, as such, are entitled to the protection of FDUTPA.

41.     Defendant's conduct in adding "Road Hazard Protection" and "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) to invoices for tire replacement, without disclosing such as optional services, constitutes a violation of FDUTPA.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

42.     The above-described conduct constitutes a "deceptive act or practice" in the conduct of trade/commerce.

43.     As a direct and proximate result of Defendant's deceptive act or practice, Plaintiff and the members of the Class suffered damages, the full amount of which will be established at trial of this matter.

44.     Upon information and belief, Defendant's conduct is willful as Defendant was previously sued by Washington State for the same conduct.  In continuing its practice of adding "Road Hazard Protection" and "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) to invoices of unsuspecting consumers, Defendant apparently figured out that a 12 – 14% profit increase was worth risking yet another State Attorney General investigation.

### COUNT TWO:  VIOLATION OF THE FLORIDA MOTOR VEHICLE REPAIR ACT

45.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as if fully alleged herein.

46.     This is a class cause of action pursuant to Defendant's violation of the Florida Motor Vehicle Repair Act.

47.     Defendant engages in the business of "motor vehicle repair," as that term is defined at Fla. Stat. § 559.903(7).

48.     Indeed, each of Defendant's locations throughout the State of Florida (including the facility from which Plaintiff's claims arise) are registered with the Florida Department of Agriculture with the following license type: "Motor Vehicle Repair."

49.     The Florida Motor Vehicle Repair Act, at Fla. Stat. § 559.920 provides that it is a violation of the Act to (among other things): (4) "Misrepresent that certain parts and repairs are

9

necessary to repair a vehicle;" (8) "Make or authorize in any manner or by any means any written or oral statement that is untrue, deceptive, or misleading and that is known, or that by the exercise of reasonable care should be known, to be untrue, deceptive, or misleading;" or (20) "Perform any other act that is a violation of this part or that constitutes fraud or misrepresentation."

50.     Fla. Stat. § 559.921 provides that any customer injured by a violation of the Florida Motor Vehicle Repair Act may bring an action in the appropriate court for relief.

51.     Defendant's practice of automatically adding "Road Hazard Protection" and "TPMS Valve Service Kit Labor" (or a similar charge for replacement of "TPMS" parts) to its customer invoices constitutes a violation of the Florida Motor Vehicle Repair Act.

52.     Defendant's violation directly and proximately caused, and was a substantial factor in causing, damages to Plaintiff and the members of the Class.

53.     Pursuant to Fla. Stat. § 559.921(1), Plaintiff and the members of the Class are entitled to recover their costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, requests that the Court award the following relief:

(a)     Certifying this action as a class action pursuant to Fla. R. Civ. P. 1.220(b)(3), appointing Plaintiff as a representative of the Class, and appointing the undersigned law firm as Class counsel;

(b)     Entering judgment against Defendant on Count One and awarding damages pursuant to Fla. Stat. § 501.211(2);

(c)     Entering judgment against Defendant on Count Two and awarding damages pursuant to Fla. Stat. § 501.921;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

(d)      Granting injunctive relief against Defendant under FDUTPA and the Florida Motor

Vehicle Repair Act;

(e)      Awarding Plaintiff attorneys' fees pursuant to Fla. Stat. § 501.2105 and Fla. Stat. §

559.921(1);

(f)      Awarding Plaintiff and all members of the Class costs and prejudgment interest;

and

(g)      Awarding such further relief as the Court deems proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.


 Dated: May 20, 2024.                              COPYCAT LEGAL PLLC
                                                   3111 N. University Drive
                                                   Suite 301
                                                   Coral Springs, FL 33065
                                                   Telephone: (877) 437-6228
                                                   dan@copycatlegal.com

                                                   By: /s/ Daniel DeSouza_____
                                                       Daniel DeSouza, Esq.
                                                       Florida Bar No.:  19291



**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2024, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.


/s/ Daniel DeSouza

Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228